**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ALFREDO CASTILLO-CASTILLO (A No. 246-870-725),<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | Case No. 1:26-cv-02815-JLT-CDB<br><br>ORDER GRANTING IN PART THE PETITION FOR HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Doc. 1) |

## I.    INTRODUCTION

Before the Court is Jose Alfredo Castillo-Castillo's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the petition (Doc. 1).

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or

laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.   FACTUAL BACKGROUND

Petitioner is citizen of Venezuela who entered the United States on September 10, 2023, where he was encountered by U.S. Border Patrol near Eagle Pass, Texas. (Doc. 1 at 8; Doc. 7-1 at 2.) On October 19, 2023, Petitioner was issued a Notice to Appear charging him as inadmissible under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act and was subsequently released on his own recognizance. (*Id*.)

Petitioner has a lengthy history of interactions with the criminal justice system. On July 25, 2024, Petitioner was convicted of having no valid license-never obtained license, in violation of UCA 53-3-202, for which he was ordered to pay a fine. (Doc. 7-1 at 2.) On October 24, 2024, Petitioner was convicted of reckless driving, in violation of UCA 41-6A-528, a Class C Misdemeanor, for which he was sentenced to a term of 30 days in jail. (*Id*.) On April 22, 2025, Petitioner was convicted of operating a vehicle without insurance, in violation of UCA 41-12A-302, a Class C Misdemeanor, for which he was sentenced to a term of 90 days in jail. (*Id*.) On June 10, 2025, Petitioner was convicted again of operating a vehicle without insurance, in violation of UCA 41-12A-302, a Class C Misdemeanor, and for no valid license-never obtained license, in violation of UCA 53-3-202 for which he was ordered to pay a fine. (*Id*.) On June 15, 2025, Petitioner was charged engaging in a speed contest or exhibition on highway, in violation for UCA 41-6A-606(1), a Class A Misdemeanor, and for reckless driving, in violation of UCA 41-6A-528, a Class B Misdemeanor, and for driving on a suspended or revoked license, in violation for UCA 53-3-227(1), a Class C Misdemeanor, which is currently pending. (*Id*.) On December 12, 2025, Petitioner was charged with having intense beams, red/blue lights, flashlights, in violation for UCA 41-6A-161, and for no valid license-never obtained license, in violation of UCA 53-3-202, which is currently pending. (*Id*.) On March 3, 2026, Petitioner was charged for the offense of taillight violation, in violation of UCA 41-6A-1604(2)(A) and for no valid license-never obtained license, in violation of UCA 53-3-202, which is currently pending.

(*Id.*) On March 19, 2026, Petitioner was encountered by ICE at the Utah County Jail and was taken into custody. (*Id.*) Petitioner has a pending asylum application and is not currently subject to a final order of removal.[1] (*Id.*) Petitioner is currently detained at California City Immigration Processing Center in California. (*Id.*)

### IV.    DISCUSSION

The government filed an opposition to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 7 at 1–3.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. For the foregoing reasons, the Court **ORDERS:**

1.    The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART** for the reasons stated in the orders cited above;

2.    **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d

---

[1]  Upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that Petitioner's immigration case was opened October 19, 2023, is currently pending, and has an upcoming hearing scheduled for May 15, 2026. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited May 5, 2026).

1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

3.     Prior to the bond hearing, the Petitioner **SHALL** receive meaningful notice of the scheduled hearing and **SHALL** be entitled to appear at the hearing.

4.     The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **May 5, 2026**

UNITED STATES DISTRICT JUDGE

4